UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

DOUGLAS LONGHINI,

    Plaintiff,

v.

ALLIANCE RE HOLDINGS LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, DOUGLAS LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, ALLIANCE RE HOLDINGS LLC (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

4. Plaintiff, DOUGLAS LONGHINI, is an individual over eighteen years of age, and is otherwise *sui juris*.

5. At all times material, Defendant, ALLIANCE RE HOLDINGS LLC, was and is a Florida Limited Liability Company, organized under the laws of the state of Florida, with its principal place of business in Miami, Florida.

6. At all times material, Defendant, owned and operated a commercial property location at 777 Brickell Avenue, Miami, Florida 33131 (hereinafter the "Commercial Property"). Defendant, holds itself out to the public as "777 Brickell."

7. Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Miami, Florida, Defendant regularly conducts business within Miami, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami, Florida.

## FACTUAL ALLEGATIONS

8. Although over twenty-nine (29) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

9. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property and the businesses therein.

10. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

11. Plaintiff, DOUGLAS LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, DOUGLAS LONGHINI, is, among other things, a quadriplegic, diagnosed with cerebral palsy and is therefore substantially limited in major life activities due to his

impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

12. Defendant, owns, operates, and oversees the Commercial Property, its general parking lot and parking spots specific to the businesses therein, and it owns, operates, and oversees said Commercial Property located in Miami, Florida, that is the subject of this Action.

13. The subject Commercial Property is open to the public and is located in Miami, Florida. The individual Plaintiff visited the Commercial Property on or about October 30, 2023 and January 31, 2024, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property. He plans to return to and visit the Commercial Property and the other business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become accessible.

14. Plaintiff visited the Commercial Property as a patron/customer, visits the Commercial Property and business within the Commercial Property as a patron/customer, and intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property. Plaintiff spends time in and near Miami, Florida and in the same state as the Commercial Property and intends to return to the property in the future.

15. The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

16. The Plaintiff, DOUGLAS LONGHINI, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and businesses therein. The barriers to access at Defendant's Commercial Property and businesses within the Commercial

Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff and others similarly situated.

17. Defendant owns and/or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant owns and/or operates is the Commercial Property business located at 777 Brickell Avenue, Miami, Florida 33131.

18. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and the business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located within the Commercial Property, not only to avail himself of the goods and services available at this Commercial Property and businesses therein, but to assure himself that the property and businesses therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and businesses therein without fear of discrimination.

## COUNT I – ADA VIOLATIONS

19. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 18 above as though fully set forth herein.

20. Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other businesses located within the

Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

21.     Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property and hotel business within the Commercial Property, include, but are not limited to, the following:

A. Parking and Exterior Accessible Route

i. Parking for the public does not provide any van accessible parking spaces whatsoever, violating Section 208.2.4 of the 2010 ADA Standards for Accessible Design.

ii. Accessible spaces are not at least 8 feet wide with access aisles at least 5 feet wide, violating Section 505 of the 2010 ADA Standards.

iii. There is not at least 98 inches of vertical clearance provided for the van accessible space, violating Section 502.5 of the 2010 ADA Standards.

iv. Access aisles fail to adjoin accessible routes, violating Section 502.3 of the 2010 ADA Standards.

v. Accessible spaces lack signs at least 60 inches above ground that includes the ISA violating Section 502.6 of the 2010 ADA Standards.

vi. There are at least three (3) Cross Slopes greater than 1:48 on exterior accessible routes, violating Section 403.3 of the 2010 ADA Standards.

vii. The running slope of the curb ramp is steeper than 1:12, in violation of Sections 406.1 and 405.2 of the 2010 ADA Standards.

B. <u>Ramps and Entrance Access</u>

i. Ramps contain running slopes greater than 1:12 violating Section 405.2 of the 2010 ADA Standards.

ii. Ramps contain improper landings, in violation of Section 405.7 of the 2010 ADA Standards.

iii. Ramps lack edge protection violating Section 405.9 of the 2010 ADA Standards.

iv. Inaccessible entrances lack signs indicating the location of the nearest accessible entrance, violating Section 216.6 of the 2010 ADA Standards.

v. Improper maneuvering clearance at the entrance of Truist Bank, violating Section 404.2.4 of the 2010 ADA Standards.

vi. Door threshold change in level is greater than 1 inch, failing to comply with Sections 404.2.5 and 303.2 of the 2010 ADA Standards.

C. <u>Interior Accessible Routes</u>

i. Cross slope of interior walking surface at Truluck's is steeper than 1:48, violating Section 403.3 of the 2010 ADA Standards.

D. <u>Tables, Counters, and Lines</u>

i. Seating and tables at Truluck's lack proper clearances and CFS, violating Section 902 of the 2010 ADA Standards.

ii. Work surfaces in the lobby are inaccessible, lacking the proper clearances in violation of section 902 of the 2010 ADA Standards.

E. <u>Toilet Rooms</u>

i. Public restrooms in the lobby lack accessible toilet room, violating Section 213.2 of the 2010 ADA Standards.

ii. Coat hook in the lobby restroom is less than 15 inches or greater than 48 inches above the floor, violating Section 603.4 of the 2010 ADA Standards.

iii. Soap dispenser in lobby restroom fails to comply with Section 308.2 of the 2010 ADA Standards.

iv. Hand dryer or towel dispenser in lobby bathroom fail to comply with Section 308.2 of the 2010 ADA Standards.

v. Centerline of the water closet in the lobby restroom is less than 16 inches or greater than 18 inches from the side wall or partition, violating Section 604.2 of the 2010 ADA Standards.

vi. Proper clearance around the water closet in the lobby restroom is not provided due to obstructions within required clearance, violating Section 604.3.1 of the 2010 ADA Standards.

vii. Side grab bar in the lobby restroom fails to comply with Section 604.5 of the 2010 ADA Standards.

viii. There is no rear grab bar in the lobby restroom in violation of Section 604.5 of the 2010 ADA Standards.

ix. Door in the lobby restroom is not self-closing, in violation of Section 604.8.1.2 of the 2010 ADA Standards.

x. Public office restrooms are provided with no accessible toilet room, in violation of Section 213.2 of the 2010 ADA Standards.

xi. Coat hook in public office restrooms is less than 15 inches or greater than 48 inches above the floor violating Section 603.4 of the 2010 ADA Standards.

xii. Hand dryer or towel dispenser in public office restrooms fail to comply with Section 308.2 of the 2010 ADA Standards.

xiii. Proper clearance around the water closet is not provided in public office restrooms in violation of Section 604.3.1 of the 2010 ADA Standards.

xiv. Urinal in public office restrooms lack proper CFS violating Section 605.3 of the 2010 ADA Standards.

xv. Accessible surface fails to provide CFS and clearances required by Section 902.4.1 of the 2010 ADA Standards.

## RELIEF SOUGHT AND THE BASIS

22. The discriminatory violations described in this Complaint are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

23. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination,

injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

24.     Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

25.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.  Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26.     While Defendant as landlord and owner of the Commercial Property Business, is primarily responsible for all ADA violations listed in this Complaint, tenants and landlords can be held is jointly and severally liable for ADA violations.

27.     A Defendant is required to remove the existing architectural barriers to

the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

29. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates their business, located within the Commercial Property located in Miami, Florida, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiff, DOUGLAS LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when

such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: March 8, 2024

Respectfully Submitted,

/s/ R. Edward Rosenberg
R. Edward Rosenberg, Esquire
Florida Bar No.: 88231

SORONDO ROSENBERG LEGAL PA
1825 Ponce De Leon Blvd. #329
Coral Gables, Florida 33134
T: 786.708.7550
F: 786.204.0844
E: rer@sorondorosenberg.com

Attorney for Plaintiff